UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSIELENE B. ABAD, individually and as Guardian ad Litem of JOHN ABAD, JR.; JULIAN ABAD; and JACE ABAD, minors,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 2:13-cv-01535-MMD-GWF<br><br>ORDER<br><br>(Plf.'s Motion to Remand to State Court – dkt. no. 9) |

I.  **INTRODUCTION**

This case comes before this Court through Defendant American Family Mutual Insurance Company's Petition for Removal. (Dkt. no. 1.) Plaintiffs Josielene B. Abad, individually and as Guardian ad Litem of John Abad, Jr., Julian Abad, and Jace Abad, minors, filed this action on July 2, 2013, in the Eighth Judicial District Court in Clark County, Nevada, after Defendant, her automobile insurance policy provider, failed to compensate her for damage resulting from a collision. Plaintiffs allege breach of contract, violation of Nevada unfair claims statutes and breach of the implied covenant of good faith and fair dealing.

Defendant removed the action on the basis of 28 U.S.C. § 1332. On September 24, 2013, Plaintiffs filed Motion to Remand to State Court ("Motion"). (Dkt. no. 9.) Defendant filed an opposition on October 10, 2013. (Dkt. no. 11.) Plaintiffs did not file a

reply in further support of their Motion. Having reviewed the briefing on Plaintiff's Motion and Defendant's opposition, the Court orders that the case be remanded to state court.

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). In considering what evidence may be considered under (2) above, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment[sic]-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

///

For jurisdictional purposes, the amount in controversy is determined by the amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In determining the amount in controversy, a district court may consider the amount of compensatory and punitive damages recoverable based on plaintiff's complaint as well as attorney fees, but may not consider interest and cost of suit. *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (*citing Hunt v. Wash. State Apple. Adver. Comm'n*, 432 U.S. 333, 347–48 (1977)).

## III.  DISCUSSION

Defendant claims that the amount in dispute in this case meets the statutory requirement for the Court to exercise jurisdiction. However, Defendant's arguments are premised more on speculation than on a specific showing of a disputed amount over $75,000. Against this backdrop, the Court is mindful that it "cannot base [its] jurisdiction on Defendant's speculation and conjecture." *Lowderkmilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007).

Defendant states that they received a demand letter asking for medical damages totaling $55,802.00. (Dkt. no. 11 at 2.) Defendant also states that the demand letter also asked for an undetermined amount of lost wages. (*Id.* at 2.) In order to reach the $75,000 amount in controversy requirement, therefore, Defendant must show that Plaintiffs are claiming over $19,198.00 in special and punitive damages. Defendant conclusively states that the "preponderance of the evidence" is that punitive damages pain and suffering, lost wages and future medical treatment is an amount in excess of $19,198.00. (*See id.* at 2-4.) Defendant does not reference any facts in this case or any case law that could establish support for such an award, however.

Defendant must overcome a "strong presumption" against removal jurisdiction. *See Gaus*, 980 F.2d at 567. The Court must be provided with the tools necessary to evaluate whether Defendant has met its burden, and must do so as part of its continual duty to establish its own jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). In the Motion, Plaintiffs "agree to waive

[their] prayer for punitive damages, conditioned upon the Court's remand to state court." (Dkt. no. 9 at 4.) In its opposition, Defendant expresses some openness to removal under such circumstances. (Dkt. no. 11 at 1–2.) Since the Motion was briefed on October 10, 2013, however, the parties have not submitted any joint stipulation to that effect or given the Court any indication that such an agreement has been made. Whether Plaintiffs decide to drop their claims for punitive damages or not, based on the record before it, the Court holds that it does not have jurisdiction to hear these claims.

## IV.  CONCLUSION

It is hereby ordered that Plaintiffs' Motion to Remand to State Court (dkt. no. 9) is granted.

It is therefore ordered that this case be remanded consistent with this opinion. The Clerk shall close this case.

DATED THIS 5th day of November 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE